IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES T. BOSTIC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:20-cv-08030-LSC |
| | ) | (7:14-cr-00201-LSC-HNJ-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, placed in the prison mail system by Petitioner James T. Bostic ("Bostic") on July 16, 2020. (Doc. 1.) For the reasons discussed below, the § 2255 motion is due to be denied for lack of jurisdiction.

**II.   Background**

On August 19, 2014, Bostic pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On November 24, 2014, Bostic was sentenced by this Court to a term of imprisonment of 120 months.  Judgment was entered the following day.

1

On November 26, 2014, Bostic filed a notice of appeal. On appeal, Bostic raised one issue: whether his sentence was substantively reasonable. On August 21, 2015, the Eleventh Circuit affirmed his conviction and sentence. (Doc. 36 in 7:14-cr-00201-LSC-HNJ-1.)

Bostic placed his first motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the prison mail system on June 29, 2018, and it was entered by the clerk on July 10, 2018 and docketed as case number 7:18-cv-8017-LSC. (Doc. 39 in 7:14-cr-00201-LSC-HNJ-1.) This Court denied Bostic's first § 2255 motion on November 13, 2018. (Doc. 4 in 7:18-cv-8017-LSC.)

Now, pending before this Court is Bostic's second motion to vacate under 28 U.S.C. § 2255 (doc. 49 in 7:14-cr-00201-LSC-HNJ-1), placed in the prison mail system on July 16, 2020, and entered by the clerk on July 20, 2020.

### III.   Discussion

Bostic's argument is that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) should be vacated due to the United States Supreme Court's decision in *Rehaif v. United States,* 139 S.Ct. 2191 (2019). However, this Court lacks jurisdiction to consider his motion.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to

consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Bostic has received such authorization from the Eleventh Circuit. Therefore, Bostic's motion is due to be dismissed for lack of jurisdiction.

**IV. Conclusion**

For the reasons stated above, the § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Bostic's claims

do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Bostic's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** and **ORDERED** on July 23, 2020.

_____
L. Scott Coogler
United States District Judge

201416